UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MARIA JOSEPH                                CIVIL ACTION NO. 6:17-cv-00841

VERSUS                                      UNASSIGNED DISTRICT JUDGE

CITY OF VILLE PLATTE                        MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

Pending before the court is the defendant's motion to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Rec. Doc. 8). The motion is opposed. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, it is recommended that the plaintiff be ordered to amend her complaint and the motion to dismiss be denied without prejudice to the plaintiff's right to reurge the motion, if necessary or appropriate, following review of the amended complaint.

### BACKGROUND

The complaint filed in this lawsuit alleged that the defendant is liable under 42 U.S.C. §§ 1983 and 1988 for violations of rights guaranteed to the plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution. The plaintiff alleged that on or about May 5, 2017, she was approached by Arthur Phillips, a deputy Ville Platte City Marshal, who asked for her phone number and asked if she

wanted to ride with him to Kinder, Louisiana. The plaintiff allegedly agreed, assuming this was a date. Allegedly dressed in his uniform and driving a marked unit, Mr. Phillips picked the plaintiff up and drove her to Fenton, Louisiana to his apartment, where he allegedly held her against her will, forced her to have sex with other men for money, and caused her to be arrested for prostitution by deputies of the Jefferson Davis Parish Sheriff's Office.

The plaintiff contends that these events violated her constitutional rights. The plaintiff also suggested that she has state-law claims, but no such claims were clearly articulated in the complaint.

In the pending motion, the defendant seeks to have the plaintiff's claims dismissed, arguing that Mr. Phillips is not an employee of the City of Ville Platte and that, even if he were a city employee, municipalities are not vicariously liable for their employees' constitutional violations.

## LAW AND ANALYSIS

A. **THE STANDARD FOR EVALUATING A RULE 12(B)(6) MOTION**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim.[1] When considering a

---

[1] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto.[2] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[3] However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[4] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[5]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[6] The allegations must be sufficient "to raise a right to relief above the speculative level,"[7] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of]

---

[2] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[3] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[4] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[6] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[7] *Bell Atlantic v. Twombly,* 127 U.S. at 555.

a legally cognizable right of action."[8]  "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9]  If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[10]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]  "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]  Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter

---

[8] *Bell Atlantic v. Twombly,* 127 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

[9] *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[11] *Ashcroft v. Iqbal*, 556 U.S. at 678.

[12] *Ashcroft v. Iqbal*, 556 U.S. at 679.

(taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[13]

## B. THE STANDARD FOR EVALUATING A SECTION 1983 CLAIM

In her complaint, the plaintiff articulated claims brought pursuant to 42 U.S.C. § 1983. Section 1983 provides a cause of action against anyone who "under color of any statute, ordinance, regulation, custom, or usage, of any State" violates another person's constitutional rights. Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere.[14] To state a Section 1983 claim, a plaintiff must: (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.[15]

In this case, the plaintiff's complaint expressly stated that the plaintiff's claims are premised on alleged violations of her Fourth and Fourteenth Amendment rights. The plaintiff also alleged that she was injured by the actions of Arthur Phillips, a

---

[13] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

[14] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979); *Hernandez ex rel. Hernandez v. Texas Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 879 (5th Cir. 2004).

[15] *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).

deputy city marshal. But she did not sue Mr. Phillips either individually or in his official capacity. She only sued his alleged employer, the City of Ville Platte.

In Section 1983 lawsuits, government officials may be sued in either their individual or official capacities. A claim against a state or municipal official in his official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent."[16] On the other hand, however, individual or personal capacity suits "seek to impose personal liability upon a government official for actions he takes under color of state law."[17] To establish personal liability under Section 1983, a "plaintiff must establish that the defendant was either personally involved in the deprivation [of a constitutional right] or that his wrongful actions were causally connected to the deprivation."[18]

In this case, the plaintiff alleged that Mr. Phillips individually is the person who injured her, but she did not assert an individual capacity claim against Mr. Phillips. The sole claim articulated in this lawsuit is a claim against Mr. Phillips's alleged employer, the City of Ville Platte. This Court is also aware of another lawsuit

---

[16] *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

[17] *Kentucky v. Graham*, 473 U.S. at.

[18] *Jones v. Lowndes County, Miss.*, 678 F.3d 344, 349 (5th Cir. 2012) (citing *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008)).

brought by the same plaintiff based on the same series of events. In that suit,[19] the plaintiff sued the Ville Platte City Marshal, alleging that he is vicariously liable for the plaintiff's injuries, but again failed to assert a claim against Mr. Phillips either individually or in his official capacity. This Court is perplexed by the plaintiff's failure to assert even an individual capacity claim against Mr. Phillips in either lawsuit. This Court is also perplexed by the plaintiff's failure to clearly articulate any state-law claims.

## C. THE PLAINTIFF DID NOT STATE A VALID CLAIM AGAINST THE CITY

The plaintiff asserted a claim against the City of Ville Platte only. The plaintiff further alleged that, as a deputy city marshal, Mr. Phillips was employed by the City of Ville Platte and was, at all relevant times, acting within the course and scope of his employment. The City argued in its opposition brief that Mr. Phillips was not a city employee but was, instead, employed by a separate entity. It is not necessary to determine whether, as a deputy city marshal, Mr. Phillips is or is not a city employee. The only basis for the city's liability alleged in the complaint was the city's vicarious liability for the actions of its employees. But municipalities are not vicariously liable for constitutional violations committed by their employees, and they are liable only

---

[19] The other suit is styled *Maria Joseph v. Ronald Doucet* and bears Civil Action No. 6:17-cv–1468 on this court's docket.

when the city's official **policies** cause their employees to violate another person's constitutional rights.[20] To establish a claim that a municipality is liable for the allegedly unconstitutional actions of its employee, there must be allegations that (1) there was an official policy or custom; (2) a policy maker had actual or constructive knowledge of the policy or custom; and (3) the policy or custom was the "moving force" behind the alleged constitutional violation.[21] In this case, however, the plaintiff did not allege that there was a city policy or custom underlying Mr. Phillips's alleged actions. The only basis alleged for the city's liability was that Mr. Phillips is a city employee. That is insufficient to state a Section 1983 claim against a municipality. Since the "state law" claims are not articulated, the plaintiff has not stated a claim against the City of Ville Platte on which relief can be granted by this court.

### D. THE PLAINTIFF'S RIGHT TO AMEND HER COMPLAINT

---

[20] *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690-911 (1978); *Jones v. Lowndes County, Miss.*, 678 F.3d at 349; *Coleman v. Gillespie*, 424 Fed. App'x 267, 270 (5th Cir. 2011) ("Section 1983 does not allow a municipality to be held vicariously liable for its officers' actions on a theory of *respondeat superior*.").

[21] *Jauch v. Choctaw County*, 874 F.3d 425, 435 (5th Cir. 2017); *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

"A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'"[22] "Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff 'at least one chance to amend.'"[23] This Court finds these principles to be especially pertinent with regard to this lawsuit, in which the person who is alleged to have directly harmed the plaintiff was not named as a defendant while the defendant that was named cannot be held vicariously liable under the facts and theory of law currently set forth in the complaint. Therefore, this Court finds that the better course of action would be to order the plaintiff to amend her lawsuit to clarify her allegations and to deny the pending motion to dismiss without prejudice to the defendant's right to reassert it, if necessary or appropriate, after the amended complaint has been reviewed.

## CONCLUSION

IT IS RECOMMENDED that the plaintiff be ordered to amend her complaint; and

IT IS FURTHER RECOMMENDED that the motion to dismiss the plaintiff's complaint (Rec. Doc. 8), which was filed by defendant City of Ville Platte, be

---

[22] *Lowrey v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997), quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[23] *Hernandez v. Ikon Office Solutions, Inc.*, 306 F. App'x 180, 182 (5th Cir. 2009); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

DENIED without prejudice to the defendant's right to reurge the motion after review of the plaintiff's amended complaint.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on December 14, 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE